RECEIVED
IN ALEXANDRIA, LA.
MAY 3 0 2013
TONY R. MOORE, CLERK
BY_____
  DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARVIN M. WILLIAMSON, JR. | DOCKET NO. 13-CV-426; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN DONALD TURNAGE, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

*Pro se* Plaintiff Marvin M. Williamson, Jr., is an inmate in the custody of Louisiana's Department of Corrections (LDOC) and is currently housed at the Concordia Parish Work Release facility ("work release") in Vidalia, Louisiana. He complains of the conditions of his confinement. Plaintiff named as defendants the Concordia Parish Work Release Facility, Warden Donald Turnage, and Nurse Georgia. He filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 in the Eastern District of Louisiana. He was grated leave to proceed in forma pauperis (IFP) on January 29, 2013. On February 26, 2013, the case was transferred to this district court pursuant to 28 U.S.C. §§ 1406(a) and 1404(a).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.

### *Factual Allegations*

Plaintiff alleges that he arrived at the work release facility on October 17, 2012, as a trustee. He was assigned the job of "maintenance man." [Doc. #3, p.3) Shortly after his arrival, "a hole appeared on the outside of the west side showers." [Doc. #3,

p.3] When the hole was repaired, a "black mold was discovered." [Doc. #3, p.3] Thereafter, Plaintiff contracted an upper respiratory infection. He was treated with cold medication, and the symptoms subsided.

In early December 2012, a much larger part of the wall on the east side showers collapsed. Plaintiff repaired the hole "with double sheet rock," and discovered mold contamination in the area where the telephones were located. [Doc. #3, p.3] Warden Turnage and Nurse Georgia were both informed about the mold on each occasion. Two weeks later, Plaintiff "became seriously ill." He was first prescribed seven days of cold medication, but his condition did not improve. Plaintiff was transported to Concordia Parish Correctional Facility to be examined by the physician. The doctor diagnosed Lobar Pneumonia of the left lung. [Doc. #3, p.6] Plaintiff received an injection and was prescribed Augmentin 875mg. Plaintiff alleges that he was transferred back to work release with two seven-day packets of medication. Nurse Georgia told Plaintiff that he should only have received one packet and that she was returning the other packet for a refund. [Doc. #3, p.6] Plaintiff complains that his own medical research, using a medical encyclopedia, revealed that he should take an additional seven days of antibiotics to prevent a recurrence of pneumonia.

Plaintiff filed an amended complaint [Doc. #14] on March 12, 2013. In it, he complains that his original petition was mailed

with an incomplete IFP application and without an inmate account statement. Plaintiff complains that he had to use "trickery" to get the work release facility to send an inmate account statement. He also complains that the facility told his friend that he did not need any money when she offered to send money for him. [Doc. #14, p.3]

### *Law and Analysis*

It is well settled that prison officials must provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter, medical care, and hygiene. See Palmer v. Johnson, 193 F.3d 346, 351-52 (5th Cir. 1999). A condition of confinement claim, as with other Eighth Amendment claims, must satisfy tests for both objective and subjective components. Under the objective component, only "extreme deprivations" will establish a conditions of confinement claim. See Davis v. Scott, 157 F.3d 1003, 1006 (5th Cir. 1998). The subjective component, on the other hand, requires a showing of deliberate indifference to the inmate's health or safety. See Farmer v. Brennan, 511 U.S. 825, 837-38 (1994). To establish deliberate indifference, the inmate must allege facts which, if proved, show that prison officials were aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. See Hare v. City of Corinth, 74 F.3d 633, 649 (5th Cir. 1996). An official's failure to alleviate a significant risk which he should have perceived, but

3

did not, cannot be condemned as the infliction of punishment. See Farmer, 511 U.S. at 837-38; see also Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).

Plaintiff's complaint and attached exhibits specifically show that the defendants were **not** indifferent to water drips and mold; rather, water damage in the facility was promptly repaired. [Doc. #3, p.7 "Water leaking from showers into telephone hall areas (scheduled for another repair as soon as possible)."; Doc. #3, p.3 Hole on the outside of west side showers 10" x 20" was repaired when discovered, and partially collapsed wall on east side shower was repaired between October and December 2012.]  The water damage was not simply ignored.

Even if the water damage or mold had been ignored, Plaintiff has not alleged that the defendants were **subjectively aware** of a risk of harm **to Plaintiff**.  He does not allege that the defendants knew that there was a risk to Plaintiff's health and deliberately disregarded the risk.  Moreover, Plaintiff's allegation that he contracted pneumonia from the so-called "black mold" is entirely conclusory.  There are many different types of mold, not all of which are toxic.

Plaintiff names as defendants the Concordia Parish Work Release Facility, the warden, and a nurse.  The work release facility is a building, not an entity capable of being sued.

To the extent that Plaintiff claims that the nurse was

4

deliberately indifferent to his medical care for not providing him with a second week of antibiotics for pneumonia, his claim fails. Plaintiff claims that his independent medical research revealed that he needed additional antibiotics to prevent a relapse. First, Plaintiff is not a medical doctor, and the physicians and nurses do not have to follow the results of Plaintiff's independent medical research. Additionally, Plaintiff does not allege that he actually suffered a relapse. Thus, even if the nurse did intentionally deprive him of medication, he suffered no injury as a result of the deprivation. See 42 U.S.C. § 1997e(e)("No federal civil action may be brought by a prisoner for mental or emotional injury without a prior showing of physical injury."). Plaintiff clearly disagrees with the treatment received, but this does not state a claim for relief. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. See Baker v. McCollan, 443 U.S. 137, 146 (1979). As the United States Fifth Circuit Court of Appeals has observed, "'[I]t is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.'" Price v. Roark, 256 F.3d 364, 370 (5th Cir. 2001)(quoting Nesmith v. Taylor, 715 F.2d 194, 196 (5th Cir. 1983)). Plaintiff has stated a claim for negligence, *at best*. He has not presented

allegations to support the violation of a constitutional right.

Finally, in an amended complaint, Plaintiff complains that his petition was mailed with an incomplete IFP application and without an inmate account statement. Plaintiff complains that he had to use "trickery" to get the work release facility to send an inmate account statement. He also complains that the facility told his friend that he did not need any money when she offered to send money for him. [Doc. #14, p.3] Read liberally, it could be implied that Plaintiff is attempting to state a claim that he was denied access to the courts by the inmate account officer at his facility. Under the Supreme Court's decision in Bounds v. Smith, 430 U.S. 817, 821 (1977), prisoners possess a constitutional right of access to courts, including having the "ability ... to prepare and transmit a necessary legal document to court." Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996), *quoting* Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 510 U.S. 1123 (1994). The right of access to the courts is limited to allow prisoners opportunity to file nonfrivolous claims challenging their convictions or conditions of confinement. Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999). "Interference with a prisoner's right to access to the courts, such as delay, may result in a constitutional deprivation." Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999) (citations omitted). However, a denial of access to the courts claim is not valid if a litigant's position is

6

not prejudiced by the alleged violation.  See <u>Ruiz v. United States</u>, 160 F.3d 273, 275 (5th Cir. 1998); <u>Henthorn v. Swinson</u>, 955 F.2d 351, 354 (5th Cir. 1992), *cert. denied*, 504 U.S. 988 (1992), *citing* <u>Richardson v. McDonnell</u>, 841 F.2d 120, 122 (5th Cir. 1988). It is only when a prisoner suffers some sort of actual prejudice or detriment from denial of access to the courts that the allegation becomes one of constitutional magnitude. <u>Walker v. Navarro County Jail</u>, 4 F.3d 410, 413 (5th Cir.1993).  Even if Plaintiff could state a claim for denial of access to the courts, he suffered no prejudice from the submission of an incomplete IFP application.

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief can be granted, pursuant to 28 U.S.C. §1915(e)(2)(B) and 1915A.

*Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely**

objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of May, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE